## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

JOHN MEGGS, an individual,

and

ACCESS 4 ALL, INC., a Florida not for
Profit Corporation,

                                  CASE:

     Plaintiffs,

 v.

CLOSE SPRING MOUNTAIN
PLAZA, a Nevada Limited Partnership,

     Defendant.

_____/

## **COMPLAINT**

Plaintiffs, and JOHN MEGGS and ACCESS 4 ALL, INC, on behalf of themselves and all other persons similarly situated (collectively hereinafter "Plaintiffs"), hereby sue, CLOSE SPRING MOUNTAIN PLAZA, a Nevada Limited Partnership, (collectively hereafter "Defendant") and as grounds allege:

### JURISDICTION AND VENUE

1.     The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, *et seq*. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

3.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 36.202, 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

1

4.      Plaintiff, JOHN MEGGS, is an individual over eighteen years of age, who resides in Florida and is otherwise *sui juris*.  Plaintiff, JOHN MEGGS, is a member of the Not-for-profit Corporation, ACCESS 4 ALL, INC.

5.      Plaintiff, JOHN MEGGS, is "disabled" and has at all times herein suffered from a "qualified disability" as defined by the ADA.

6.      Plaintiff, ACCESS 4 ALL, INC, is a Florida Not-for-profit Corporation, formed under the laws of Florida, and maintains its principal office in Miami-Dade County, Florida. Members of its organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA.  The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.  ACCESS 4 ALL, INC and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.  One or more of its members has suffered an injury that would allow it to bring suit in its own right.  ACCESS 4 ALL, INC has also been discriminated against because of its association with its disabled members and their claims.

7.      At all times material, Defendant, CLOSE SPRING MOUNTAIN PLAZA, was and is a Nevada Limited Partnership located in Nevada and doing business in the State of Nevada, owning and operating a Plaza in the State of Nevada, and deriving substantial revenue from the State.

8.      At all times material, Defendant, CLOSE SPRING MOUNTAIN PLAZA, Nevada Limited Partnership, owned, leased, and/or operated the Commercial Property located at 4550-

4600 Spring Mountain Rd., Las Vegas, NV 89102 (hereinafter "Commercial Property") operated as "Spring Mountain Plaza".

9.      Venue is properly located in the District of Nevada pursuant to 28 U.S.C.A. § 1391(b) in that all events giving rise to this lawsuit occurred in Las Vegas, Florida.

10.     Defendant's Commercial Property at issue in this matter and the business therein are located in and around the Clark County area. The Defendant regularly conduct business within Clark County area, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Clark County area.

FACTUAL ALLEGATIONS

11.     Plaintiff, JOHN MEGGS, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JOHN MEGGS, is an individual with T10 paraplegia who is aa manual wheelchair user and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk, stand, climb stairs, or perform activities requiring lower body strength and mobility. JOHN MEGGS regularly visits Las Vegas several times per year to take in the amenities that only a place like Las Vegas can truly offer.  In doing so, JOHN MEGGS regularly needs to eat, sleep, and get around the city no different from anyone else.  Because Plaintiff requires the use of a wheelchair to ambulate, he has been adversely impacted by the violations of the ADA as set forth herein.

12.     Plaintiff, JOHN MEGGS, visited the Commercial Property in November 2025 and plans on returning to the Commercial Property in early 2026.  The Commercial Property is one of Plaintiff, JOHN MEGGS' preferred dining locations.

13.     Defendant has discriminated against Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or

accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, *et seq*.

14.     Defendant has discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiffs encountered during their visits to Defendant's Commercial Property includes, but is not limited to, the following specific defect violations of the ADA:

A.     Parking and Exterior Routes

i.     Accessible spaces lack compliant access aisles. Unloading areas contain excessive changes in level and slopes, violating § 502.4 of the 2010 ADA Standards for Accessible Design.  The improper spaces and design impede Plaintiffs' ability to maneuver within the parking routes.

ii.     Van accessible parking does not adjoin the building, violating § 502 of the 2010 ADA Standards for Accessible Design.  The improper parking design impedes Plaintiffs' ability to maneuver within the parking routes.

iii.     The plaza lacks compliant accessible routes between accessible parking spaces, tenant space entrances and public sidewalk site entry points with excessive slopes, cross slopes and level changes, violating § 206, 402 and 403 the 2010 ADA Standards for Accessible Design.  The improper parking design impedes Plaintiffs' ability to maneuver within the parking spaces.

B.     Access to Goods and Services

i.     Bars, gaming and checkout counters at the Red Dragon, Afterlife & El Steak Burrito are over 34 inches in height and/or lacking required knee and toe clearances, violating § 902.2, 902.3 and 306 of the 2010 ADA Standards for Accessible Design.  The improper counter heights and clearances impede Plaintiff's access to goods and

services.

ii.     Dining tables in Afterlife and El Steak Burrito lack required clear width, violating §
        902.2 and 306.2.5 of the 2010 ADA Standards for Accessible Design.  The lack of
        clear width impedes Plaintiffs' access to the dining areas.

iii.    Less than 5% of dining spaces in Afterlife & El Steak Burrito are accessible, violating
        § 226.1 of the 2010 ADA Standards for Accessible Design.

iv.     Under 5% of Red Dragon gaming spaces are accessible, violating § 226. Of the 2010
        ADA Standards for Accessible Design.

C.      Restrooms

i.      The Afterlife restroom lacks required pull side maneuvering clearance to exit,
        violating § 404.2.4 of the 2010 ADA Standards for Accessible Design.  The
        inaccessible design impedes Plaintiffs' ability to maneuver within the restrooms.

ii.     The restroom in El Steak Burrito lacks accessible elements, violating the 2010 ADA
        Standards for Accessible Design.  The inaccessible design impedes Plaintiffs' ability
        to maneuver within the restrooms.

iii.    Obstructions in the Afterlife restroom violate § 604 and 609 of the 2010 ADA
        Standards for Accessible Design and impede Plaintiffs' ability to maneuver within
        the restrooms.

iv.     Mirror height in Afterlife violates § 603.3 of the 2010 ADA Standards for Accessible
        Design.   The inaccessible design impedes Plaintiffs' ability to use the mirror.

v.      Dispensers are beyond reach violating § 308 and 309 of the 2010 ADA Standards for
        Accessible Design.   The inaccessible design impedes Plaintiffs' ability to use the
        dispensers.

5

15.    Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and/or 28 CFR 36.505.

## ADA VIOLATIONS

16.    Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 15 above as though fully set forth herein.

17.    The discriminatory violations described in this Complaint are not an exclusive list of Defendant's ADA violations. Plaintiffs request an inspection of Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs from further ingress, use, and equal enjoyment of the Commercial Property and the business(es) therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice.

18.    The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendant's Commercial Property and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

6

19.    Defendant has discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

20.    Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

21.    A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

22.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or

waived by Defendant.

23.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' Injunctive Relief, including an order to alter the property where Defendant operates their business(es) located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures their violations of the ADA.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a.    Issue a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181.

b.    Issue injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

c.    Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

d.    Grant such other relief as the Court deems just and proper, and/or is allowable

under Title III of the Americans with Disabilities Act.

Dated: February 4, 2026                        Respectfully submitted,


                                        */s/ Lee Iglody*_____
                                        Lee Iglody
                                        Iglody Law
                                        2580 St Rose Parkway, Suite 330
                                        Henderson, Nevada 89074
                                        Telephone: 702-425-5366
                                        lee@iglody.com

                                         */s/ John A. Salcedo*
                                        John A. Salcedo
                                        FL Bar No. 14665*
                                        THE MINEO SALCEDO LAW FIRM, P.A.
                                        5600 Davie Road
                                        Davie, FL 33314
                                        Telephone: 954-463-8100
                                        Service@mineolaw.com

                                        *Pro Hac Vice application forthcoming*